IN RE: JOHN ROMBACH.
No. 2008 CW 0237.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
NOT DESIGNATED FOR PUBLICATION
ALFRED W. SPEER, MARY F. QUAID, YOLANDA DIXON, JERRY J. GUILLOT, JERRY G. JONES Baton Rouge, LA, Counsel for Relators, Francis Heitmeier, Donald hines, and Joe Salter.
DEBORAH GRIER, Baton Rouge, LA, Counsel for Respondent, Henry C. Perret, Jr., Chairman Louisiana Board of Ethics.
KATHLEEN M. ALLEN, RICHARD A. SHERBURNE, Jr. Baton Rouge, LA, Counsel for Respondent, Louisiana Board of Ethics.
J. CHRISTOPHER ALEXANDER, Sr. Baton Rouge, LA, Counsel for Respondent, John Rombach.
RICHARD McGIMSEY, Assistant Attorney General Baton Rouge, LA, Counsel for Respondent, James D. "Buddy" Caldwell, Attorney General, State of Louisiana
Before: WHIPPLE, GUIDRY and HUGHES, JJ.
HUGHES, J.
In this writ application, Louisiana State Senators Francis Heitmeier and Donald Hines and State Representative Joe Salter challenge a decision of the Louisiana Board of Ethics to issue subpoenas to them to provide testimony in relation to charges against a former legislative fiscal officer. Relators allege that the requirements set forth in La. R.S. 13:3667.3(C) were not met to warrant the issuance of the subpoenas and that an administrative law judge, rather than the Louisiana Board of Ethics, should have decided whether the subpoenas should issue. For the following reasons, we hereby grant the writ application and quash the subpoenas.

FACTS AND PROCEDURAL HISTORY
The Louisiana Board of Ethics ("the Board") is pursuing charges against John Rombach, a former legislative fiscal officer, for alleged misconduct relative to his receipt of per diem allotments, retroactive pay, and vehicle allowances ("Rombach proceedings").[1] In connection therewith, both Rombach and the Board's trial attorney (sometimes referred to as "movers") filed motions requesting that subpoenas issue to Senator Donald Hines and Representative Joe Salter. Additionally, Rombach also requested that a subpoena issue to Senator Francis Heitmeier. Rombach's motion states that he would like to issue subpoenas to the legislators "to provide testimony regarding the allegations at issue in the case" and that "[a]ll have direct knowledge regarding relevant practices and customary policy that bear directly on the allegations at issue." The Rombach motion also provided:
Senator Donald Hines, Representative Joe Salter, and Chairman Francis Heitmeier will be asked to testify as to the customary and long standing policy of the State of Louisiana regarding per diem, retroactive pay, and car allowance. Further they will be asked detailed questions regarding these issues as they relate to Legislative Auditor Steven Theriot. They will be asked other questions under oath regarding pertinent issues as they bear on the allegations at issue. They will not be challenged on their actions such that it would invoke the privilege set forth in Louisiana Constitution Article III, Section 8.
Likewise, the trial attorney's motion provided:
The trial attorney would like to [issue] subpoenas to both the President of the Senate, Donald Hines, and the Speaker of the House, Joe Salter, to provide testimony as to whether the Joint Legislative Committee on the Budget, over [] which they served as chairman, reviewed and approved the payments that are the subject of the charges.
***
Senator Donald Hines and Representative Joe Salter will simply be asked questions as witnesses as to facts surrounding whether payments were approved. They will not be challenged on their actions such that it would invoke the privilege set forth in Louisiana Constitution Article III, Section 8.
At its September 13, 2007, meeting, the Board, in accord with La. R.S. 13:3667.3(C)(l)(a), apparently found that the motions were well-founded, that denial of the motions would prejudice the case of the movers, and that the testimony sought was not protected by the legislative privilege found in La. Const. art. Ill, § 8. The Board, pursuant to the statute, ordered a hearing, and sent notice of the hearing to the legislators to whom the subpoenas would issue, the attorney general, the clerk of the House of Representatives, and the secretary of the Senate. La. R.S. 13:3667.3(C)(l)(a) and (C)(2)(a).
Senators Heitmeier and Hines and Representative Salter ("reiators") filed two motions prior to the hearing. Reiators' first motion sought to have an administrative law judge, as opposed to the Board, appointed to conduct the hearing. The second motion objected to the sufficiency of the motions and hearing notices insofar as reiators alleged that neither the movers nor the Board complied with the strict requirements of La. R.S. 13:3667.3(C). Moreover, reiators filed a "Memorandum Regarding Legislative Privilege" wherein they alleged that the information sought is protected by the legislative privilege found in Louisiana Const, art. III, § 8.
Following the December 13, 2007, adversarial hearing, the Board denied both of relators' motions and ordered that the subpoenas issue. Relators thereafter sought review of the Board's ruling by filing a writ application with the Louisiana Supreme Court. The Louisiana Supreme Court found that it had no jurisdiction to consider the matter[2] and transferred the matter to this court for consideration of the merits of relators' application.[3] On March 28, 2008, we granted certiorari in this matter and stayed the December 13, 2007, Board ruling pending further orders of this court.

ISSUES PRESENTED FOR REVIEW
(1) Did the motions seeking the issuance of subpoenas comply with the requirements of La. R.S. 13:3667.3(C)?
(2) Are the proceedings, findings, determinations, and orders of the Board contrary to fact and law, and in particular, La. R.S. 13:3667.3(C), requiring "strict conformity" with its statutory provisions, and La. Const. art. III, §8?
(3) Did the Board err as a matter of law and fact on September 13, 2007, in granting the motions and ordering the scheduling of an adversarial proceeding on whether the relators' testimony was necessary and whether the legislative privilege was inapplicable to the testimony sought from them?
(4) Did the Board err as a matter of law in failing to appoint an administrative law judge to conduct the adversarial hearing?
(5) Did the Board err as a matter of law and fact on December 13, 2007, in ruling that the motions and Board proceedings were in compliance with La. R.S. 13:3667.3(C)?
(6) Did the Board err as a matter of law and fact on December 13, 2007, in its conducting of the adversarial proceeding required under La. R.S. 13:3667.3(C) by not fully allowing relators to present argument and evidence in opposition to the issuance of the subpoenas?
(7) Did the Board err as a matter of law and fact on December 13, 2007, in finding that testimony of relators was necessary and that the legislative privilege was not applicable to such testimony?
(8) Did the Board err as a matter of law and fact on December 13, 2007, in ordering the issuance of the subpoenas to relators?

DISCUSSION
Louisiana Revised Statute 13:3667.3(C), as amended by 2006 La. Acts No. 690, § 2, provides, in pertinent part, as follows:
(1)(a) Any party to an administrative proceeding seeking to compel the attendance of a member of the legislature, in his capacity as a state lawmaker, as a witness or deponent in the proceeding shall file a written motion with the agency, subordinate presiding officer, or administrative law judge, as applicable, requesting a hearing on the matter. The motion shall set forth the facts sought to be proved by the member's testimony, the relevance of those facts to the proceeding, the basis for the mover's belief that the member has personal knowledge of those facts, and a statement as to why such testimony is not otherwise privileged under the privileges and immunities provision of Article III, Section 8 of the Louisiana Constitution. If the agency, subordinate presiding officer, or administrative law judge, as applicable, determines that the motion is well-founded, that denial of the motion may prejudice the case of the mover, and that the mover has made a sound argument supported in law and jurisprudence that the legislative privilege is inapplicable to the facts sought to be proved, the agency, subordinate presiding officer, or administrative law judge, as applicable, shall order a hearing in accordance with Paragraph (2) of this Subsection.
* * *
(2) Prior to the issuance of a subpoena commanding the appearance or testimony of a member of the legislature pursuant to Paragraph (1) of this Subsection, a hearing shall be conducted in accordance with the following provisions:
(a) Notice of the hearing must be provided to all parties, the member, and the attorney general. In the case of a member of the Louisiana House of Representatives, notice must also be made to the clerk of the House of Representatives and in the case of a member of the Louisiana Senate, notice must also be made upon the secretary of the Louisiana Senate at their respective offices in the State Capitol building.
(b) Notice may be served by sheriff or by certified mail, return receipt requested, a minimum of fifteen days prior to the date of the hearing.
(c) The content of the notice shall include the facts sought to be proved by the member's testimony, the relevance of those facts to the proceeding, the basis for the belief that the member has personal knowledge of those facts, and a supported statement as to why such testimony is not otherwise privileged under the privileges and immunities provision of Article III, Section 8 of the Louisiana Constitution.
(d) At the hearing, the member or attorney general or both may question the requesting party regarding the content of the notice and may present evidence or argument in opposition to the issuance of a subpoena or other order compelling discovery.
(e) The provisions of R.S. 13:3667.1 shall apply to the scheduling of the hearing and all other administrative proceedings.
(3) After the hearing, if the subordinate presiding officer or administrative law judge, as applicable, determines that the member's testimony is necessary to the proceeding and that the testimony is not privileged, he shall issue the subpoena or order. The member or the attorney general may apply directly to the Supreme Court of Louisiana for supervisory writs upon the subordinate presiding officer's or administrative law judge's decision to hold a hearing or to issue a subpoena commanding the attendance of the member or other order compelling discovery.
* * *
(5) Any subpoena to compel the attendance of a member of the legislature, in his capacity as a state lawmaker, as a witness or deponent in any administrative proceeding which is not issued in strict conformity with the provisions of this Subsection is void ab initio.

PRE-ADVERSARIAL RULING ON THE MOTIONS
Relators argue that the movers did not meet the strict statutory requirements set forth in La. R.S. 13:667.3(C)(l)(a) to warrant the scheduling of the December 13, 2007, adversarial hearing. Louisiana Revised Statute 13:3667.3(C)(1)(a) requires a person seeking the issuance of a subpoena to a member of the legislature to submit a motion setting forth: (1) the facts sought to be proved by the member's testimony; (2) the relevance of those facts to the proceedings; (3) the basis for the mover's belief that the member has personal knowledge of those facts; and (4) a statement as to why such testimony is not otherwise privileged under Louisiana Constitution art. Ill, §8. Under the statute, the agency or judge is required to review the subpoena motion to determine if it complies with the statutory requirements, and then make the threshold determinations concerning the motion. If a determination is made that these threshold requirements are met, then the agency or judge can issue a notice ordering an adversarial hearing.
We find that Mr. Rombach's motion fails to set forth the facts he tends to prove through relators' testimony. Although Mr. Rombach generally alleges that he seeks testimony regarding "the customary and long standing policy of the State of Louisiana regarding per diem, retroactive pay, and car allowance," and that such policy is essential to his defense, his motion fails to indicate, with specificity, the facts he tends to prove through the members' testimony with regard to the policy.[4] In argument before this court, Mr. Rombach asserts that the legislators' testimony is essential to show how the State's "customary and longstanding policy" with regard to per diem, retroactive pay, and car allowance has allowed other similarly situated individuals to receive payments in the same manner as Mr. Rombach had received. Moreover, Rombach contends that no adverse action had been taken against those individuals who had received similar payments. Although the argument presented to this court sets forth, with more particularity, the facts Mr. Rombach seeks to prove through the relators' testimony, such information was not provided in his motion. Because his motion does not strictly conform to the requirements of La. R.S. 13:3667.3(C)(l)(a), we are constrained to find that the subpoenas issued to relators based on Mr. Rombach's motion are void ab initio. La. R.S. 13:3667.3(C)(5). Accordingly, we pretermit discussion of the remaining assignments of error in relation to Mr. Rombach's motion.
On the other hand, the trial attorney's motion specifies the facts the trial attorney seeks to elicit from the relators and why such facts are undoubtedly relevant to the Rombach proceedings. Particularly, the trial attorney's motion provides that she seeks to discover whether the Joint Legislative Committee on the Budget ("the Committee") approved the payments to Mr. Rombach that are the subject of the Board's charges.[5] The trial attorney's motion also indicates that she believes that Senator Hines and Representative Salter have personal knowledge regarding whether the payments were approved by the Committee because they served on the Committee, albeit she further erroneously alleged that Senator Hines and Representative Salter served as chairman of the Committee.[6] Additionally, the trial attorney's motion provided that she would not challenge relators "on their actions such that it would invoke the privilege set forth in Louisiana Constitution Article III, Section 8." Although the statement is to some extent self-serving, the Board, in considering the entirety of the motion, could determine whether the privilege is invoked by the testimony sought. Accordingly, the trial attorney's motion met the pleading requirements set forth in La. R.S. 13:3667.3(C)(1)(a).
The Board, in considering the trial attorney's motion, necessarily determined that the motion is well-founded, that denial of the motion would prejudice the trial attorney's case, and that the trial attorney has made a sound argument supported in law and jurisprudence that the legislative privilege is inapplicable to the facts sought to be proved. La. R.S. 13:3667.3(C)(1)(a). Therefore, the Board ordered a hearing to be held in accordance with La. R.S. 13:3667.3(C)(2) in order to determine whether the subpoenas requested by the trial attorney should issue herein.[7]

NECESSITY OF APPOINTING ANOTHER PRESIDING OFFICER OR AN ADMINISTRATIVE LAW JUDGE
Relators contend that another subordinate presiding officer or an administrative law judge, as opposed to the Board, should have held the adversarial hearing to determine whether the subpoenas requested by the trial attorney should issue herein. Relators note that "[a]ny subordinate presiding officer or administrative law judge on his own motion seeking to compel the attendance of a member of the Louisiana Legislature...shall appoint or otherwise arrange for another subordinate presiding officer or administrative law judge to conduct" the adversarial hearing. La. R.S. 13:3667.3(C)(1)(b)(i) and (ii)(Emphasis added.) Relators contend that there is a conflict of interest between the trial attorney and the Board such that the Board, on its own motion, is essentially requesting that the subpoenas issue. Relators note that the Board appointed the trial attorney to prosecute Mr. Rombach on the charges at issue. 52 La. Admin. Code §501. Relators also note that the Board's trial attorney is charged with causing all subpoenas to be issued and presenting evidence and argument in support of the stated charges brought by the Board. 52 La. Admin. Code §502. Relators contend that in her role as administrator, the trial attorney also serves as general counsel to the Board. Relators conclude that because of the conflict of interest, the Board should have appointed or otherwise arranged for a subordinate presiding officer or administrative law judge to consider whether the subpoenas should issue.
Although the appointed trial attorney is charged with causing all subpoenas to be issued and presenting evidence and argument in support of the charges, she does not serve as the Board's advisory counsel and she cannot have ex parte communications with either the Board or the attorneys designated to advise the Board. 52 La. Admin. Code §503. Moreover, this Court has rejected similar arguments even when the attorney acts as counsel to and prosecutor for the Commission on Ethics for Public Employees. In In Re Dyer, 95-2297 (La. App. 1 Cir. 6/28/96), 677 So.2d 1075, writ denied, 96-1967 (La. 10/11/96), 680 So.2d 641, this court stated:
Appellants further contend that the Commission has not adopted rules which comply with the requirements of the Administrative Procedure Act. More particularly, they note that the ethics rules fail to address and prohibit the impermissible mingling of prosecutorial and adjudicative functions of the Commission. They complain that the same attorney is both counsel to and prosecutor for the Commission. Appellants argue that, by allowing counsel to serve in this dual capacity, they cannot be afforded a fair and impartial hearing.
This argument has been raised in several prior cases dealing with the Commission and has been rejected. See, e.g., Tebbe v. Commission on Ethics for Public Employees, 526 So.2d 1354, 1362 (La.App. 1st Cir. 1988), rev'd on other grounds, 540 So.2d 270 (La. 1989); In re Beychok, 484 So.2d 912, 928 (La.App. 1st Cir.), rev'd on other grounds, 495 So.2d 1278 (La. 1986). Following the jurisprudence, we also reject appellants' contention.
Id. at 1077-1078. We do not find that there is a conflict between the trial attorney and the Board such that a trial attorney's subpoena request could be equated as being a request from the Board. Because the Board was not on its own motion seeking to compel the attendance of a legislator herein, the Board, in accord with its authority under La. R.S. 42:1141(E)(2)(a),[8] could consider whether the subpoenas should issue. La. R.S. 13:3667.3(C)(1)(a).

THE ADVERSARIAL HEARING
Following the December 13, 2007 adversarial hearing, the Board ordered the subpoenas requested by the trial attorney to issue, necessarily determining that the relators' testimony is necessary and that it is not privileged under La. Const, art. III, §8. La. R.S. 13:3667.3(C)(3).
Relators urge that if the facts sought by the trial attorney can be obtained through a simple public records request or from any other source, then there is no necessity for the legislators' testimony, and denial of their subpoenas will not prejudice movers. Relators note that the Committee is a statutory entity that performs legislative functions. La. R.S. 24:651. Relators aver that actions taken by the Committee are recorded in the minutes of the Committee and are a matter of public record, and as such, are admissible in any judicial proceedings pursuant to La. Code Evid. art. 902(2)(b).[9] Relators contend that neither the trial attorney nor Mr. Rombach have made a public records request of the Committee, of either house of the legislature, of the legislative fiscal office, or of the legislative auditor, which relators assert possess records relevant and material to the charges brought against Mr. Rombach. Relators conclude that if the information sought through relators' testimony can be obtained through a public records request or from any other source, then there is no necessity for the members to testify.
The trial attorney readily admits that the information she seeks may be available through a public records request wherein, among other things, she could obtain the minutes of the Committee meetings. As such, because the public records may allow the trial attorney to obtain the information she seeks, there is no need to subpoena the relators to testify herein. Accordingly, the legislators' testimony is not necessary absent a showing that the information is not available through public records and the subpoenas requested by the trial attorney should not have issued.[10]
Because the trial attorney concedes that the information she seeks may be available through public records and because we find that the legislators' testimony is not necessary absent a showing that the information is not otherwise available through public records or other sources, we pretermit ruling on whether the Board failed to allow relators the opportunity to fully present argument and evidence at the hearing and whether the information sought is protected by the legislative privilege under La. Const, art. III, § 8.

CONCLUSION
For the foregoing reasons, we grant the writ application and hereby quash the subpoenas issued to Senators Hines and Heitmeier and Representative Salter on the basis of Rombach's motion requesting the subpoenas insofar as the motion is void ab initio, and we likewise quash the subpoenas issued to Senator Hines and Representative Salter on the basis of the trial attorney's motion because the legislators' testimony is not necessary absent a showing that the information sought is otherwise not available through public records.
WRIT GRANTED.
NOTES
[1] The Board alleges that Rombach may have violated La. R.S. 42:1111(A)(1) by receiving retroactive pay increases, annual car allowance payments, and per diem payments for 2002, 2003, and 2004, and that receipt of these payments were not approved by the Joint Legislative Committee on the Budget.
[2] The supreme court opined that the decision to issue subpoenas was made by the Board as opposed to an administrative law judge or a subordinate presiding officer. Louisiana Revised Statute 13:3667.3(C)(3) provides that a legislative member who opposes the issuance of a subpoena may apply directly to the Louisiana Supreme Court for exercise of its supervisory jurisdiction if the subpoena is issued by a subordinate presiding officer or an administrative law judge. However, the court noted that the provision does not provide for direct review of an agency decision.
[3] The supreme court noted that La. R.S. 42:1142(A) provides, in part, that "any preliminary, procedural, or intermediate action or ruling by the [Ethics] board or panel is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana." Paragraph (A) of Article V, §10 provides, in pertinent part, that "a court of appeal has...supervisory jurisdiction over cases which arise within its circuit." The Court of Appeal, First Circuit has jurisdiction over matters decided by the Board of Ethics. La. R.S. 42:1142(A); Duplantis v. Louisiana Bd. of Ethics, XXXX-XXXX, XXXX-XXXX, pp. 14-15 (La. 3/23/01), 782 So.2d 582, 591.
[4] Similarly, the statement that Mr. Rombach will question relators "regarding pertinent issues as they bear on the allegations at issue" provides no specificity as to the nature of the questioning.
[5] The trial attorney's motion also indicates that the charges against Mr. Rombach "concern potential violations of Section 1111 A(1) of the Code of Governmental Ethics, which prohibits a public servant from receiving `anything of economic value, other than compensation and benefits from the governmental entity to which he is duly entitled, for the performance of the duties and responsibilities of his office or position.'" The trial attorney's motion also cites La. R.S. 24:602, which provides, in part, that "the salary of the legislative fiscal officer shall be established by the Joint Legislative Committee on the Budget," as well as La. R.S. 24:605, which pursuant to subparagraph B, provides that the salary "of the legislative fiscal officer shall be paid upon warrants...provided that whenever any warrant, voucher, or check is in excess of one thousand dollars, it shall be signed by the legislative fiscal officer or his principal assistant and the chairman of the Joint Legislative Committee on the Budget."
[6] Although relators assert than neither Senator Hines nor Representative Salter served as Committee chairman, relators do not assert that they did not serve on the Committee. While the trial attorney believes the legislators have personal knowledge of the information she seeks due to their position as Committee members, if the legislators have no personal knowledge of the information sought, the issue can be raised at the hearing required by La. R.S. 13:3667.3(C)(2).
[7] Likewise, the Board's notice, which contained the contents of the trial attorney's motion, provided relators notice as required by La. R.S. 13:3667.3(C)(2)(c).
[8] Louisiana Revised Statute 42:1141(E)(2)(a) provides:

For purposes of an investigation or a hearing, the board or panel may administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence, and require the production of any records which the board deems relevant or material to the investigation or hearing. Such attendance of witnesses and the production of any such records may be required at any place designated by the board or panel at no cost to the public servant or other person charged as permitted by the rules of the board.
[9] Louisiana Code of Evidence Art. 902 provides:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(2) Domestic Public Documents not under seal. (b) Certified Louisiana public documents. A purported record, book, paper, or other document of the State of Louisiana, or of a department, board, or agency thereof or of a political subdivision of the state or a department, board, or agency of such a subdivision when certified as being the original by an officer or employee who identifies his official position and who either has custody of the document or who is otherwise authorized to make such a certification.
[10] By our ruling, we in no way intend to preclude the trial attorney from filing another subpoena request if she is unable to obtain the information she seeks through a public records request.